IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
SEP - 4 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**RAYMOND WARREN,**

    Petitioner,

v.

                                          Civil Action No. **3:12CV396**

**DIRECTOR OF THE VIRGINIA
DEPARTMENT OF CORRECTIONS,**

    Respondent.

## MEMORANDUM OPINION

Raymond Warren, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his probation revocation in the Circuit Court of the City of Norfolk, Virginia ("Circuit Court"). In his rambling § 2254 Petition, Warren argues entitlement to relief based upon the following grounds:

Claim One:    "Counsel was inefficient/ineffective for failure to object to . . . use of juvenile records dating back over 10 yrs. ago [and] counsel failed to 'timely object' to the conflicting interests" at Warren's revocation hearing. (§ 2254 Pet. (ECF No. 1) 5.)[1]

Claim Two:    "Counsel was insufficient/ineffective for not preparing an adequate defense . . . and failing to timely object to the numerous injustices" occurring during Warren's revocation hearing. (*Id.* at 18, 20.)

Claim Three:  "The judge committed per curiam error in sentencing [Warren] outside the guidelines . . ." (*id.* at 23), and "racially profiled" Warren. (*Id.* at 24.)

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for quotations from and citations to Warren's submissions. The Court corrects the capitalization in quotations from Warren's submissions.

Respondent moves to dismiss the § 2254 Petition. Respondent provided Warren with appropriate *Roseboro* notice.[2] (ECF No. 10.) Warren has not responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

On December 20, 1999, the Circuit Court found Warren guilty of malicious wounding and use of a firearm in commission of a felony. *See Commonwealth v. Warren*, CR98002847–00 and CR98002847–01, at 1–2 (Va. Cir. Ct. July 12, 2000). The Circuit Court sentenced Warren to three years on the firearm conviction and ten years with eight years and six months suspended on the malicious wounding conviction. *Id.*[3]

On May 6, 2010, finding Warren violated the terms of his probation based upon two new convictions of domestic assault, the Circuit Court revoked Warren's probation and sentenced him to five years of the previously suspended sentence for malicious wounding. *See Warren v. Commonwealth*, No. 1014–10–1, at 1 n.1 (Va. Ct. App. Dec. 17, 2010).[4] Warren appealed this decision to the Court of Appeals of Virginia arguing that the Circuit Court abused its discretion in revoking Warren's probation. Petition for Appeal at 1, *Warren v. Commonwealth*, No. 1014–10–1 (Va. Ct. App. filed Aug. 6, 2010). The Court of Appeals of Virginia denied the petition for appeal. *Warren*, No. 1014–10–1, at 1–3. The Supreme Court of Virginia refused Warren's subsequent petition for appeal. *Warren v. Commonwealth*, No. 110004, at 1 (Va. May 19, 2011).

---

[2] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[3] On June 17, 2005, the Circuit Court revoked Warren's probation for the malicious wounding conviction because Warren was convicted of being a felon in possession of a firearm, and sentenced him to the previously suspended eight years and six month sentence, with five years re-suspended. *Commonwealth v. Warren*, CR04004832–00, at 1–2 (Va. Cir. Ct. June 17, 2005); *see Warren v. Commonwealth*, No. 1014–10–1, at 1 n.1 (Va. Ct. App. Dec. 17, 2010). Warren again violated the terms of his probation in 2010, the subject of challenge in the instant petition.

[4] Warren was represented by counsel at the revocation hearing.

2

Warren filed a petition for a writ of habeas corpus in the Circuit Court raising Claims Two and Three, and portion of Claim One of the instant § 2254 Petition. Petition for a Writ of Habeas Corpus at 3–7, *Warren v. Dir. of Dep't of Corr.*, No. CL12000668 (Va. Cir. Ct. filed Jan. 30, 2012). Finding Warren failed to demonstrate entitlement to counsel at a revocation proceeding, and that the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), barred review of Warren's additional claims, the Circuit Court dismissed his petition. *Warren*, No. CL12000668, at 4–5 (Va. Cir. Ct. Mar. 15, 2012). Warren perfected no appeal to the Supreme Court of Virginia. (*See* Br. Supp. Mot. Dismiss 2 n.1.)

## II.   PURPORTED ERROR OF THE CIRCUIT COURT

In Claim Three, Warren argues that the Circuit Court committed error when it sentenced him outside of the guidelines range and used his juvenile record, and racially profiled Warren.[5] First, Warren identifies no constitutional violation with regard to the purported sentencing error, and instead challenges the Circuit Court's determination of state law. The Circuit Court's alleged error provides no basis for federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (citing cases for the proposition that "federal habeas corpus relief does not lie for errors of state law"); *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 483 (E.D. Va. 2005).

Second, to the extent Warren argues that the Circuit Court "racially profiled" him in imposing a sentence, Warren provides no arguments or factual allegations to support his claim. Warren's conclusory allegation provides no basis for habeas relief. *See Sanders v. United States*,

---

[5] While the Court believes Warren procedurally defaulted Claim Three, because of the evident lack of merit of the underlying claims, judicial economy dictates that the Court address the merits. *See Daniels v. Hinkle*, No. 3:11CV675, 2012 WL 2792199, at *1 (E.D. Va. July 9, 2012) (citing *Yeatts v. Angelone*, 166 F.3d 255, 261 (4th Cir. 1999)).

373 U.S. 1, 19 (1963) (finding summary denial of habeas action appropriate where petitioner "stated only bald legal conclusions with no supporting factual allegations"). Accordingly, Claim Three will be dismissed.

### III. THE APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS CORPUS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

### IV. INEFFECTIVE ASSISTANCE

In Claims One and Two, Warren argues that revocation counsel "fail[ed] to object to [the] use of juvenile records dating back over 10 yrs. ago [and] counsel failed to 'timely object'

to the conflicting interests" (§ 2254 Pet. 5), and that counsel failed to adequately represent him and prepare a defense, and failed "to timely object to the numerous injustices" (*id.* at 18, 20).

The right to counsel, if any, at a probation revocation hearing flows from Due Process Clause of the Fourteenth Amendment[6] rather than the Sixth Amendment,[7] and arises only in limited instances. *See Muse v. Brown*, No. 3:12cv140–HEH, 2013 WL 819729, at *3–5 (E.D. Va. Mar. 5, 2013).[8] In finding Warren failed to demonstrate a constitutional entitlement to counsel, and rejecting Warren's claim, the Circuit Court explained:

> In *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), the court ruled that a defendant does not have a constitutional right to counsel as a matter of course at a probation revocation hearing. Instead, the Court held that counsel is constitutionally required only in certain circumstances, and suggested that a case-by-case analysis was appropriate. *See id.* at 788–91.
> In *Alabama v. Shelton*, 535 U.S. 654 (2002), the Court reaffirmed the case-by-case approach established by *Gagnon*.
>> In *Gagnon*, the question was whether the defendant, who was placed on probation pursuant to a suspended sentence for armed robbery had a due process right to representation by appointed counsel at a probation revocation hearing. 411 U.S. at 783. We held that counsel was not invariably required in parole or probation revocation proceedings; we directed instead, a "case-by-case approach" turning on the character of issues involved.
>
> *Id.* at 663. *See United States v. Allgood*, 48 F. Supp. 2d 554, 559 (E.D. Va. 1999) (In *Gagnon*, Court adopted case-by-case approach to issue of whether particular defendant is entitled to counsel in such hearing).
> The revocation proceeding in the instant case was not the type of cause for which counsel was constitutionally required. The transcript of the revocation proceeding demonstrates that the proceeding was short and did not involve a complex presentation of evidence. This Court revoked the suspended sentence based on the petitioner's new convictions. (Tr. [at] 14). Warren candidly admitted he had been convicted and already served time imposed in Portsmouth. (Tr. at 14). Consequently, he was not entitled to effective assistance of counsel. *See generally United States v. Drew*, 2 F. Supp. 2d 781, 783 (E.D. Va. 1998).

---

[6] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[7] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[8] The fact that Warren had counsel during the revocation proceeding fails to confer a constitutional right to counsel. *See Muse*, 2013 WL 819729, at *3–4.

Accordingly, this Court dismissed Claim (a) pursuant to the rule in *Gagnon v. Scarpelli*.

*Warren*, No. CL12000668, at 3–4.

Warren fails to demonstrate that the Circuit Court's conclusion, that he lacked a constitutional right to counsel at his revocation hearing, is incorrect, much less unreasonable. *See* 28 U.S.C. § 2254(d). First, as Warren admitted to the violations, he clearly failed to present a colorable claim of innocence for the probation violation. *See Gagnon*, 411 U.S. at 790. Second, Warren neither offers other evidence relevant to his defense nor explains why any mitigating reasons "are complex or otherwise difficult to develop or present." *Id.*; *see Maxwell v. Barnett*, No. 89–6027, 1991 WL 22828, at *2 (4th Cir. Feb. 26, 1991) (explaining that *Gagnon* requires appointment of counsel only where the alleged violations are contested or "where the reasons that justify or mitigate the violation are complex or otherwise difficult to develop and present" (citing *Gagnon*, 411 U.S. at 790)). Accordingly, Warren lacked entitlement to counsel during his revocation proceeding. Claims One and Two will be DISMISSED.

## VI. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 7) will be GRANTED. Warren's claims will be DISMISSED and his § 2254 Petition will be DENIED. The action will be DISMISSED. An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting

*Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Warren fails to meet this standard. A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

Date: 9-3-13
Richmond, Virginia

/s/
James R. Spencer
United States District Judge

7